AO-10 (WP)
Rev. 1/2007

# FINANCIAL DISCLOSURE REPORT

## FOR CALENDAR YEAR 2006

Report Required by the Ethics
in Government Act of 1978,
(5 U.S.C. app. §§101-111)

| 1. Person Reporting *(Last name, first, middle initial)*<br><br>Easterbrook, Frank H. | 2. Court or Organization<br><br>Seventh Circuit | 3. Date of Report<br><br>5/9/07 |
|---|---|---|

| 4. Title *(Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)*<br><br>Chief Judge | 5a. Report Type (check appropriate type)<br>___ Nomination, Date _____<br>___ Initial  X  Annual  ___ Final<br>5b. ___ Amended Report | 6. Reporting Period<br><br>1/1/06 to 12/31/06 |
|---|---|---|

| 7. Chambers or Office Address<br><br>219 South Dearborn Street<br>Chicago, Illinois 60604 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer _____ Date _____ |
|---|---|

*IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of Instructions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| ☐ NONE (No reportable positions.) | |
| 1 Senior Lecturer | University of Chicago |
| 2 | |
| 3 | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of Instructions.)*

| DATE | PARTIES AND TERMS |
|---|---|
| X NONE (No reportable agreements.) | |
| 1 | |
| 2 | |

FINANCIAL DISCLOSURE OFFICE   2007 MAY 14  A 10: 27   RECEIVED

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of Instructions.)*

| DATE | SOURCE AND TYPE | INCOME |
|---|---|---|

### A. Filer's Non-Investment Income

| | | |
|---|---|---|
| ☐ NONE (No reportable non-investment income.) | | |
| 1 | University of Chicago – salary (see Part VIII) | $25,365.00 |
| 2 | Harvard University Press – royalty | $ 604.63 |
| 3 | | $ |

### B. Spouse's Non-Investment Income - If you were married during any portion of the reporting year, please complete this section. (dollar amount not required except for honoraria)

| | | |
|---|---|---|
| ☐ NONE (No reportable non-investment income.) | | |
| 1 | | |
| 2 | | |

## IV. REIMBURSEMENTS -- transportation, lodging, food, entertainment.
*(Includes those to spouse and dependent children. See pp. 25-27 of Instructions.)*

| | SOURCE | DESCRIPTION |
|---|---|---|
| | **NONE** (No such reportable reimbursements.) | |
| 1 | Separate sheet attached | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

## V. GIFTS. *(Includes those to spouse and dependent children. See pp. 28-31 of Instructions.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| | **NONE** (No such reportable gifts.) | | |
| 1 | Union League Club of Chicago | Signing privileges (see Part VIII) | $ |
| 2 | | | $ |
| 3 | | | $ |
| 4 | | | $ |

## VI. LIABILITIES. *(Includes those of spouse and dependent children See pp. 32-33 of Instructions.)*

| | CREDITOR | DESCRIPTION | VALUE CODE* |
|---|---|---|---|
| X | **NONE** (No reportable liabilities.) | | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

*Value Codes: J=$15,000 or less  K=$15,001-$50,000  L=$50,001-$100,000  M=$100,001-$250,000
N=$250,001-$500,000  O=$500,001-$1,000,000  P1=$1,000,001-$5,000,000
P2=$5,000,001-$25,000,000  P3=$25,000,001-50,000,000  P4=$50,000,001 or more

## VII. Page 1 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-60 of Instructions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure. | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amt. Code] (A-H) | (2) Type (e.g., div., rent or int.) | (1) Value Code2 (J-P) | (2) Value Method Code3 (Q-W) | (1) Type (e.g., buy, sell, merger, redemption) | (2) Date: Month-Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| NONE (No reportable income, assets, or transactions.) | | | | | | | | | |
| 1 Vanguard 500 Index Fund (mutual fund) | E | Div. | P1 | T | See Part VIII | | | | |
| 2 Vanguard Prime Money Market Fund (mutual fund) | A | Div. | J | T | See Part VIII | | | | |
| 3 Vanguard High-Yield Tax Exempt Fund | E | Div. | M | T | See Part VIII | | | | |
| 4 Vanguard Retirement Portfolio (mutual fund; | E | Cap. Gain + Div. | O | T | See Part VIII | | | | |
| 5 blocked access) | | | | | | | | | |
| 6 First National Bank of Chicago (checking account) | A | Int. | K | T | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |

| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less F=$50,001- $100,000 | B=$1,001-$2,500 G=$100,001-$1,000,000 | C=$2,501-$5,000 H1=$1,000,001-$5,000,000 | D=$5,001-$15,000 H2=More than $5,000,000 | E=$15,001-$50,000 |
|---|---|---|---|---|---|---|
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less N=$250,001-$500,000 P3=$25,000,001-$50,000,000 | K=$15,001-$50,000 O=$500,001-$1,000,000 | L=$50,001-$100,000 P1=$1,000,001-$5,000,000 P4=More than $50,000,000 | M=$100,001-$250,000 P2=$5,000,001-$25,000,000 | |
| 3 | Value Method Codes: (See Col. C2) | Q=Appraisal U=Book value | R=Cost (real estate only) V=Other | S=Assessment W=Estimated | T=Cash/Market | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS (Indicate part of Report.)

Separate sheet attached.

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ and Judicial Conference regulations.

Signature ██████████████████████████████     Date _____5/9/07_____

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104.)

**FILING INSTRUCTIONS:**

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the
   United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

IV. REIMBURSEMENTS.

| | |
|---|---|
| The Federalist Society<br>Columbia Law School<br>New York, New York | Travel reimbursement<br>2/24/06 to 2/26/06 |
| Boston University Law School<br>Boston, Massachusetts | Travel reimbursement<br>4/21/06 to 4/22/06 |
| Stanford Law School<br>Stanford, California | Travel reimbursement<br>5/4/06 to 5/5/06 |
| ALEA<br>University of California<br>Berkeley, California<br>(Paid by the University of Chicago) | Travel reimbursement<br>5/6/06 to 5/7/06 |
| The Federalist Society<br>Washington, D.C. | Travel reimbursement<br>11/16/06 to 11/18/06 |

Note:  Travel reimbursements for judicial business and
other governmental reimbursements also omitted.

VIII. ADDITIONAL INFORMATION or EXPLANATIONS.

1. (Part III): I have received the approval of Chief Judge Flaum to teach at the University of Chicago. This income therefore is "outside earned income" rather than an "honorarium" within the meaning of the Ethics Reform Act of 1989. I accepted gross income exceeding the statutory cap (15% of Level II of the Executive Schedule) because, under §3(b) of the regulations of the Judicial Conference implementing this statute, "outside earned income" includes only net taxable income, and therefore excludes pension contributions as well as the "ordinary and necessary expenses paid or incurred in producing this income." Some of the income reported in Part III was contributed to a pension plan through the University of Chicago as part of a salary reduction plan and therefore does not count for statutory purposes. Moreover, the ordinary and necessary expenses of producing the income—including the cost of commuting between the courthouse and the Law School, fees for parking at the University, and the expenses of equipment and books for my Law School office—are substantial. Net taxable income is less than the statutory maximum.

2. (Part V) The Union League Club extends to federal judges the privilege of using the Club's facilities without formal membership. During 2006 it charged $60 per month for these privileges from January through June and $68.00 per month from July through December.  The difference between this and the market value is a gift, but whether there is any difference and, if so, its size, is difficult to determine. Judges pay the same for meals, haircuts, and other services as do regular members of the Club.

3. (Part VII): Dividends and capital gain distributions from the mutual funds marked "See Part VIII" are reinvested automatically monthly. Shares were purchased and sold in the Vanguard Prime Money Market Fund occasionally. I treat this as a checking account, and as in past years I do not report these flows (as opposed to year-end balances). Shares of the Vanguard High-Yield Tax Exempt Fund with the value code of N were sold during 2006; these sales produced taxable capital gains with a value code of D.  No other transactions occurred in these funds.  The names of the Vanguard mutual funds have changed since last year's report (e.g., "Vanguard Index Fund" becomes "Vanguard 500 Index Fund") to match Vanguard's current nomenclature.  Only the names have changed; all investments have remained in the same funds.

VIII. ADDITIONAL INFORMATION or EXPLANATIONS Continued.

4. (Part VII): While I was employed full-time by the University of Chicago preceding my appointment to the court, and again since 1992, pension contributions under a defined contribution plan were made on my behalf. TIAA—CREF holds the funds contributed before 1983 (value code N). Pension contributions since 1983, and supplemental retirement annuity contributions since 1982, are held by the Vanguard Group, which also holds pension contributions made on my behalf during 1981—84 by Lexecon Inc., plus IRA contributions during that period. "Vanguard Retirement Portfolio" is an umbrella designation for these assets. Access to all funds in the Vanguard Retirement Portfolio is blocked until I reach retirement age. Vanguard invests these monies in four of its funds: Vanguard Money Market Reserves Prime Portfolio; Vanguard Fixed Income Securities Fund Long-Term Corporate; Vanguard Fixed Income Securities Fund High-Yield Corporate; and Vanguard International Value Portfolio. Investments within the Vanguard Retirement Portfolio may change from time to time, but only from one mutual fund to another (never to stock in an individual firm), making a consolidated listing desirable.